UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GOREN,

                Plaintiff,

                                    Case No. 12-CV-14118

v.

                                    HON. GEORGE CARAM STEEH

WELLS FARGO HOME MORTGAGE,

                Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION
AND LEAVE TO AMEND COMPLAINT (#5)

On October 1, 2012, plaintiff filed a motion for an injunction and leave to amend the complaint. Plaintiff requests that defendant be enjoined from proceeding with the Sheriff's Sale scheduled for October 3, 2012. Plaintiff also requests leave to amend his complaint to include a count challenging defendant's ability to foreclose because defendant assigned the mortgage to US Bank. On October 2, 2012, defendant filed a response in opposition to the motion. The court finds that oral argument is not necessary. See Local Rule 7.1(f).

A preliminary injunction is an extraordinary remedy that should only be granted in the most compelling cases. Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000). To determine whether a preliminary injunction should issue, a court weighs four factors: (1) whether the moving party has demonstrated a strong likelihood of success on the merits; (2) whether the moving party will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties; and (4) whether the public interest would be served by issuance of the injunction. Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002). The

-1-

party seeking a preliminary injunction bears the burden of establishing the basis for the requested relief. Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co., Inc., 403 F. Supp. 336, 339 (E.D. Mich. 1975). The grant of a preliminary injunction rests within the discretion of the trial court. Id.

In his motion, plaintiff argues that the Sheriff's Sale will cause a great injustice to plaintiff and that plaintiff is ready to resume mortgage payments. As noted by defendant and acknowledged by plaintiff, plaintiff will have 6 months to redeem the property following the Sheriff's Sale. In addition, as argued by defendant, plaintiff can challenge the propriety of the sale procedure following the sale. Plaintiff has not met his burden of showing immediate and irreparable harm.

Plaintiff also argues that defendant's motion to dismiss/for summary judgment, filed September 24, 2012, will fail because: (1) defendant does not have standing to foreclose because it has assigned its interest in the mortgage to US Bank; (2) plaintiff timely complied with defendant's request for documents; and (3) even if plaintiff did not timely comply with defendant's request for documents, defendant waived this requirement by continuing to work with plaintiff and his attorney. While plaintiff makes these general statements, he does not provide the factual and legal support necessary to sustain them. He does not show a likelihood of success on his claims. The core of his case appears to be that defendant assigned the mortgage to US Bank on July 20, 2011. However, it appears uncontested that Wells Fargo is still the servicer of the mortgage. As the servicer, Wells Fargo has authority to foreclose under the Michigan foreclosure statute. Thus, plaintiff has not met his burden of showing a strong likelihood of success on the merits.

Because plaintiff has not met his burden of showing that he is entitled to injunctive relief, plaintiff's motion for an injunction postponing the Sheriff's Sale is DENIED.

Because plaintiff has not attached a complaint with the proposed new claim and plaintiff's proposed amendment appears futile, plaintiff's request for leave to amend his complaint is DENIED.

IT IS SO ORDERED.

Dated:  October 2, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 2, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk