UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GOREN,

    Plaintiff,

v.

                                      Case No. 12-CV-14118
                                      HON. GEORGE CARAM STEEH

WELLS FARGO HOME MORTGAGE,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (#4)

On August 24, 2012, plaintiff filed this action in Livingston County Circuit Court asserting violations of MCL 600.3205a(1) and MCL 445.903 (the Michigan Consumer Protection Act) and seeking to stop the foreclosure of a mortgage and the sheriff's sale of a parcel of real property located at 5245 Daniel Drive, Brighton, Michigan 48114. On September 17, 2012, defendant removed the case to this court. On September 24, 2012, defendant filed a motion to dismiss or, alternatively, for summary judgment. The motion has been fully briefed. Oral argument occurred at a hearing on the motion. For the reasons that follow, the court GRANTS defendant's motion and DISMISSES the case.

## BACKGROUND

On December 12, 2005, plaintiff, his then wife Evelyn, and Jean Goren refinanced an existing mortgage loan with Chevy Chase Bank when they obtained a loan from defendant for $275,000. The loan was used to repay Chevy Chase Bank $245,908.34 and the borrowers kept the rest of the money for themselves. The loan was documented by a

note.  The loan and repayment of the note were secured by a mortgage which was recorded.  The mortgage contained a second home rider indicating that plaintiff would occupy the mortgaged properly only as a second home.

The loan remained current until 2009 when payments were late and, beginning in September 2009, missed altogether.  Plaintiff began receiving loss mitigation assistance from defendant and was considered for a loan modification and a HAMP loan modification.

In January 2012, upon plaintiff's request, defendant provided a quote to reinstate the loan after the declared default; the balance due to reinstate was $19,539.89.

On April 4, 2012, plaintiff was sent a notice under MCL 600.3205a(a) alerting him to his right within 30 days to contact defendant's agent to discuss a loan modification.  On June 1, 2012, plaintiff, through his attorney, requested a loan modification meeting.  On July 11, 2012, plaintiff was informed that his HAMP application had been denied.  On September 13, 2012, he was informed that his request for a loan modification meeting was received after the deadline.

In his complaint, plaintiff asserts four claims but all are based on alleged violations of MCL 600.3205a(1).  In count I, plaintiff seeks to adjourn the foreclosure sale scheduled for August 29, 2012 asserting defendant did not process his modification request in good faith and did not provide an opportunity to meet.  In count II, plaintiff asserts defendant violated the statute by not giving notice, not providing an opportunity to meet, and denying the modification request in bad faith.  In count III, plaintiff asserts defendant violated MCL 445.901, the Michigan Consumer Protection Act, by making demands for documents defendants already had.  In count IV, plaintiff seeks an injunction to stop the sheriff's sale based on the alleged statutory violations.

In its motion to dismiss or for summary judgment, defendant argues that plaintiff fails to state a claim because plaintiff did not make a timely request for a loan modification under the statute and therefore the modification procedures set forth in the statute do not apply here. In addition, defendant argues it is exempt from the Michigan Consumer Protection Act.

Following the filing of the motion, the parties entered into a stipulated order providing that the foreclosure sale would be adjourned as long as plaintiff made monthly payments to defendant or until the court ruled on the motion.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment forthwith if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in

the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. Id.

## ANALYSIS

Plaintiff's entire complaint is based on his contention that he was not provided with the notice required under MCL 600.3205a(1) and that his loan modification request was not reviewed in good faith by defendant. Defendant argues that the statutory loan modification process mandated by MCL 600.3205c expressly applies only to a request for modification made by the borrower "within 30 days after the notice [of foreclosure] is sent." MCL 600.3205a(1)(d); MCL 600.3205b(1); MCL 600.3205c(1). The statute does not apply when the request to meet is untimely. See Pettey v. CitiMortgage, Inc., No. 11-13779, 2012 WL 3887206, *1 (E.D. Mich. Sep. 7, 2012) (finding defendant's MCL 600.3205c obligations were not triggered because no timely request was made).

Here, the record shows that on April 4, 2012, plaintiff was sent the required notice under MCL 600.3205a(1) alerting him to his right within 30 days to contact defendant's agent to discuss a loan modification. Plaintiff does not allege facts or provide evidence to show that he contacted a housing counselor within 30 days as required by the statute. Plaintiff attempts to create a genuine issue of material fact by claiming that "he and his mother called and requested a meeting" when he received defendant's April 4, 2012 notice. Plaintiff submits his mother's affidavit which states that she called a counselor from Detroit twice with the purpose of meeting with someone but did not have a substantive conversation. His mother then states that she gave up and called defendant directly. The statute permits a borrower to contact a housing counselor or the lender's designated agent;

-5-

the statute does not provide for direct contact with the lender. Here, plaintiff did not make contact with defendant's designated agent until June 1, 2012, more than 30 days after the notice was sent. As such, his request for modification was untimely and he fails to state a statutory violation because the Act does not apply. Counts I, II, and IV therefore fail.

Count III also fails because defendant is exempt from the Michigan Consumer Protection Act ("MCPA"). The statute provides that it is inapplicable to a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MCL 445.904(1)(a). Interpreting this language, courts have ruled that the MCPA does not apply to claims arising from residential mortgage loan transactions. See, e.g., Newton v. Bank West, 262 Mich. App. 434, 438 (2004).

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss or for summary judgment is GRANTED and plaintiff's complaint is DISMISSED.

Dated: February 27, 2013

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 27, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk